```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


JEREMIAH ALEXANDER AND                        CIVIL ACTION
JENNIFER ALEXANDER

        Plaintiffs,
                                              NO: 13-5295
VERSUS


ALLSTATE INSURANCE COMPANY                    SECTION: R

        Defendant
```

### ORDER

Before the Court is defendant, Allstate Insurance Company's motion for summary judgment, which seeks to dismiss plaintiffs' flood insurance claim.[1] Allstate appears in its "fiduciary" capacity as the "fiscal agent of the United States."[2] Because plaintiffs failed to file a proof of loss for the amounts at issue, Allstate is entitled to summary judgment.

### I. Background

Plaintiffs Jeremiah and Jennifer Alexander insured their LaPlace, Louisiana home with a Standard Flood Insurance Policy issued by Allstate.[3] The policy has building coverage limits of

---

[1] R. Doc. 26.

[2] R. Doc. 26-1 at 1 (citing 44 C.F.R. § 62.23(f), 42 U.S.C. § 4071(a)(1), and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)).

[3] R. Doc. 26-3 at ¶ 1.

$142,500.00 and contents coverage limits of $50,000.00, both subject to a $1,000.00 deductible.[4]

On August 29, 2012, Hurricane Issac caused flood damage to the Alexanders' home.[5] On August 31 or September 1, 2012, the Alexanders filed a claim with Allstate to recover for their loss.[6] Ordinarily, plaintiffs would have had 60 days to file a signed and sworn Proof of Loss for any amount claimed under their Standard Flood Insurance Policy. After Hurricane Isaac, however, the Acting Federal Insurance Administrator extended the deadline to 240 days.[7]

Allstate provided the Alexanders with an advance payment of $5000.[8] Shortly thereafter, Allstate sent an independent adjuster to review the Alexanders' claim.[9] The independent adjuster prepared a building repair estimate of $50,025.86.[10] Allstate also prepared a contents loss estimate of $22,655.69, based on a personal property list submitted by the Alexanders.[11]

---

[4]   *Id.*

[5]   *Id.* at ¶ 2.

[6]   *Id.* at ¶ 3; R. Doc. 27-7 at ¶ 3.

[7]   R. Doc. 26-3 at ¶ 18.

[8]   R. Doc. 26-3 at ¶ 4.

[9]   *Id.* at ¶ 5.

[10]  *Id.*

[11]  *Id.* at ¶ 6.

Allstate approved the independent adjuster's estimates and reports, and issued a Proof of Loss for $53,491.79 for building repairs and a Statement as to full cost of repair or replacement (Statement) for $1,534.07.[12] The Alexanders signed the Proof of Loss and the Statement on October 10, 2012.[13] The Alexanders also signed a Proof of Loss for $22,655.69 for lost contents on October 15, 2012.[14] On October 15, 2012, Allstate paid the Alexanders $50,025.86 for building damage and $22,655.69 for lost contents.[15]

The Alexanders identified additional lost contents, and the contents Proof of Loss was rewritten and increased from $22,655.69 to $45,105.79.[16] The Alexanders signed the revised Proof of Loss on January 10, 2013, and were paid 22,450.10 on January 20, 2013.[17]

Additional building damages were identified, and the building Proof of Loss was rewritten and increased from $53,491.79 to $57,639.91, and the Statement was increased from $1,534.07 to $1,758.63.[18] The Alexanders signed the revised Proof of Loss and

---

[12]   *Id.* at ¶ 7.

[13]   *Id.*

[14]   *Id.* at ¶ 8.

[15]   *Id.* at ¶¶ 9-10.

[16]   *Id.* at ¶ 11.

[17]   *Id.* at ¶¶ 12-13.

[18]   *Id.* at ¶ 14.

Statement on February 6, 2013, and were paid $4,372.68 on February 8, 2013.[19]

The Alexanders also submitted a flood damage estimate prepared by Dan Onefrey of Michaelson & Messinger Insurance Specialists LLC (M&M) on January 8, 2013 and again on March 7, 2013.[20] The Alexanders did not, however, submit separate Proofs of Loss in support of any sums in excess of the amount already paid by Allstate.[21]

Plaintiffs filed suit against defendants on August 7, 2013 seeking additional proceeds under their Standard Flood Insurance Policy and contending that Allstate had breached the terms of the policy.[22] Plaintiffs also brought claims against Allstate in its capacity as the Alexanders' Windstorm Insurance carrier, which the parties have since settled.[23] Finally, the Alexanders asserted extra-contractual and state law claims for punitive damages, attorney's fees, and pre- and post-judgment interest.

---

[19] *Id.* at ¶¶ 15-16.

[20] R. Docs. 27-3 and 27-4.

[21] R. Doc. 26-4 at ¶ 21.

[22] R. Doc. 1.

[23] R. Doc. 35.

## II. Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations omitted); see also *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991)(internal quotations omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to

demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**III. Analysis**

    **A.   Plaintiffs' Breach of Contract Claim under the NFIP**

Allstate issued the Alexanders' flood policy as part of the National Flood Insurance Program (NFIP). Congress created the NFIP in 1968 to provide affordable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The Federal Emergency Management Agency (FEMA) operates the program and issues policies directly or through private insurers, such as Allstate, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, claims are paid directly from the federal treasury. *Id.* Policies are issued in the form of a Standard Flood Insurance Policy (SFIP), and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. §§ 61.4(b), 61.13(d). Since pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386-87 (5th Cir. 2005).

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) (*citing* 44 C.F.R. pt. 61, app. A(1) art. VII(R)). "In case of a flood loss to insured property, [the insured] must" satisfy several

requirements before bringing a lawsuit. 44 C.F.R. pt. 61, app. A(1) art. VII(J). Foremost, the insured must provide a signed and sworn Proof of Loss (POL) within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). Accordingly, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might have been a valid claim." *Gowland*, 143 F.3d at 954. *See also Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (holding that the "filing of the proof-of-loss requirement is a condition precedent" to bringing an action for proceeds under a SFIP).

The Alexanders have not submitted a signed and sworn Proof of Loss in support of the additional sums they now claim. Instead, the Alexanders contend that the signed and sworn Proof of Loss forms they provided in support of the sums Allstate has already paid, combined with the additional documentation from M&M, gave Allstate "sufficient information to meaningfully evaluate [their] claim."[24] They argue that this should be enough to satisfy the Proof of Loss requirement. The sufficiency of the information the Alexanders provided is simply not at issue. As the Fifth Circuit clearly stated in *Marseilles Homeowners' Condo Association*, "an insured in the NFIP cannot file a lawsuit seeking further federal

---

[24]   R. Doc. 27 at 4.

benefits under the SFIP unless the [insured] can show prior compliance with all of the policy's requirements, including the [proof-of-loss] requirement." 542 F.3d at 1056 (citations omitted) (alterations in original). Accordingly, the alleged sufficiency of plaintiffs' submissions is irrelevant and does not create a material question of fact to defeat summary judgment. *Id*. at 1057 ("[Plaintiff] contends that because it submitted information regarding its loss to Fidelity, there is a fact issue with respect to the adequacy of the proof of loss. To sustain this contention would be in direct contravention of our precedent"); *Richardson*, 279 Fed. Appx. at 299 ("[Plaintiff] also says that we should deem his submissions to [FEMA] to be legally sufficient for a sworn POL under theories of substantial compliance or repudiation. His theory of substantial compliance is contrary to binding precedent in this circuit.").

There is no Fifth Circuit opinion directly addressing the Proof of Loss requirement in the exact fact pattern presented here, "where a sworn proof of claim has been timely submitted for undisputed amounts but not for the disputed supplemental amounts sought." *See Bechtel v. Lighthouse Prop. Ins. Co.*, No. 13-5289, 2014 WL 1389631, at *3 (E.D. La. Apr. 1, 2014) (Englehardt, J.). Nevertheless, "the Fifth Circuit has been unwavering in mandating strict adherence to all SFIP requirements, including the proof of loss requirement, as a precondition to filing suit." *Id.* In

9

addition, the Fifth Circuit's analysis in an unpublished opinion, *Kidd v. State Farm Fire & Casualty Company*, 392 F. App'x 241, 243 (5th Cir. 2010), suggests that the Alexanders' breach of contract claim must fail.  In *Kidd*, the Kidds filed a claim supported by a signed adjuster's report, which their policy specified could be submitted in lieu of a sworn Proof of Loss.  *Id.* at 243.  Their SFIP insurer, State Farm, paid the claim.  *Id.*  The Kidds then sought to claim additional damages in excess of the adjuster's calculation.  *Id.*  They did not submit a sworn Proof of Loss in support of the additional damages.  *Id.*  The Fifth Circuit held that to the extent that the Kidds disagreed with the adjuster's estimate, the Kidds were required to submit a sworn Proof of Loss "demonstrating that the additional damages were covered by the policy." *Id.* at 244.  Because they had not, the Proof of Loss requirement precluded their claim for additional payments. *Id*. at 245.

  The only distinction between the facts of this case and the facts in *Kidd* is that the Kidds signed an adjuster's estimate to support the claims that State Farm paid, whereas the Alexanders signed formal Proofs of Loss in support of the claims that Allstate paid.  This distinction does not diminish the relevance of the *Kidd* court's analysis to the present case, however, because the Kidds' policy clearly provided that a signed adjuster's estimate could stand in for a sworn Proof of Loss.  Thus, the issue in *Kidd* was

the same as the issue here: do NFIP insureds need to submit a sworn Proof of Loss to support additional sums beyond what an insurer has already paid?  The answer is yes.  *See id.* at 244.  Like the plaintiffs in *Kidd*, the Alexanders have not supported their claim for additional sums in excess of the amount Allstate has already paid with a signed and sworn Proof of Loss.  Accordingly, their breach of contract claim must fail.

### B.   Plaintiffs' State Law and Extra-Contractual Claims

The Alexanders agree to the dismissal of their state law and extra-contractual claims against Allstate.  Accordingly, the Alexanders' state law and extra-contractual claims are dismissed with prejudice.

### IV.   Conclusion

For the reasons stated above, Allstate's motion for summary judgment is GRANTED, and plaintiffs' claims are dismissed WITH PREJUDICE.

IT IS FURTHER ORDERED that the pretrial conference set for October 9, 2014 is hereby cancelled.

New Orleans, Louisiana, this 8th day of October, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE